**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PATRICIA MINCEY, by and through
KELLY SIMS, her attorney-in-fact,

      Plaintiff,

vs.                                                                      Case No. 3:15-cv-847-J-39MCR

AMERICAN HONDA MOTOR CO.,
INC., et al.,

      Defendants.

_____

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand. (Doc. 24;

Motion to Remand). Defendants have filed responses in opposition (Docs. 29, 30), and

the matter is ripe for consideration. Defendants assert that Plaintiff fraudulently joined

resident defendant Duval Motors of Jacksonville, LLC ("Duval Motors"), which the parties

contend is a Florida citizen, to defeat the Court's diversity jurisdiction. Plaintiff argues

that Duval Motors is a proper defendant in this action, and that the case should be

remanded to the state court because this Court does not have diversity jurisdiction over

the action. Additionally, Plaintiff contends that the case should be remanded because

Defendants' removal of this case was untimely.

### I.    Background

Plaintiff filed her initial complaint in the Circuit Court of the Fourth Judicial Circuit,

Duval County, Florida, on January 21, 2015. (Doc. 1-1 at 2; State Court Docket; Doc. 24-

1; Complaint). In the initial Complaint, Plaintiff alleged that she was injured because her

2001 Honda vehicle's occupant protection system (driver's side airbag), manufactured by

Defendant Takata Corporation, together with Defendant TK Holdings, Inc. ("Takata Defendants"), failed to perform in a reasonably safe manner and exploded during a motor vehicle accident on June 15, 2014, in Jacksonville, Florida.  (Complaint at ¶¶ 25-29). Plaintiff brought claims against various Honda Defendants and the Takata Defendants[1] for negligence, strict liability, and fraudulent concealment.  Id. ¶¶ 132-167.  Plaintiff also asserted a claim of negligence against Defendant Duval Motors of Jacksonville, LLC, which had performed work on the Plaintiff's vehicle on three occasions before the incident in question, including twice on the vehicle's airbag safety system (on September 17, 2009 and August 22, 2013) and a third time for repairs and maintenance (on July 29, 2011). Id. ¶¶ 169-71.  Plaintiff alleged Duval Motors was liable in negligence for failing to properly repair the vehicle's airbag system, failing to inspect, failing to warn, failing to recall or properly replace the airbag or warn Plaintiff that the airbag was subject to recall, and for repairing or replacing the airbag with a defective airbag.  Id. ¶ 175.

The state court, on June 23, 2015, denied Defendants' motion to stay the state court case and to coordinate discovery with an ongoing Multidistrict Litigation ("MDL") case involving Takata airbags.[2]  (Doc. 24-3; Transcript, June 23, 2015 State Court Hearing; "Transcript" at 55-56, 70-71).  The state court also granted Duval Motors' motion to dismiss the Complaint with leave to amend, because the Plaintiff did not adequately allege in the initial Complaint that Duval Motors, as a Honda dealership, was on notice of and knew or should have known of the expanding recalls of the Takata airbags at the

---

[1]  Plaintiff named the following Defendants in the Complaint: Honda Motor Co., Ltd., American Honda Motor Company, Inc., Honda R&D Co., Ltd., Honda of America Mfg., Inc., Takata Corporation, TK Holdings, Inc., Highland Industries, Inc., and Duval Motors of Jacksonville, LLC ("Duval Motors").

[2]  The MDL case is styled In re: Takata Airbag Prod. Liab.Litig., MDL No. 2599 (S.D. Fla.),

time Duval Motors performed work on Plaintiff's vehicle, and prior to the incident at issue in this case. Transcript at 9-12. In doing so, state Circuit Court Judge James Daniel stated that he did not "really take issue with the legal theory . . . [that] [D]uval Honda knew or should have known about all these recalls and failed to advise" Plaintiff about them "and/or take corrective steps . . . in repairing . . . by replacing the driver's side air bag . . . ." Transcript at 11. Plaintiff filed an Amended Complaint in the state court action on June 25, 2015.[3] (Doc. 1-1 at 12).

In Count VII of the Amended Complaint, Plaintiff again brings a claim of negligence against Duval Motors. Plaintiff alleges that Duval Motors replaced the driver's side airbag inflator on September 17, 2009 "because it had been recalled." (Doc. 2; Amended Complaint ¶ 170); performed repairs and maintenance on Plaintiff's vehicle on July 29, 2011, id. ¶ 173; and replaced the passenger airbag inflator on August 22, 2013. Id. ¶ 174. Plaintiff alleges that as an authorized Honda dealer, Duval Motors received all Honda recall and service bulletins regarding the airbag system, id. ¶ 169, including on May 17, 2011 and July 18, 2011. Id. at ¶¶ 171, 172. Despite the instructions in the May 2011 service bulletin, and the July 2011 notice, Duval Motors failed to inspect the subject vehicle for a defective airbag inflator and failed to identify that the vehicle contained a defective driver's airbag inflator during the subsequent repair and maintenance sessions. Id. ¶¶ 173, 174. Plaintiff alleges that Duval Motors had a duty to warn Plaintiff of the subject defective airbag "which it knew or should have known of in the exercise of ordinary care and by virtue of its position as an authorized Honda dealer who was notified

---

[3]  Plaintiff names the following Defendants in the Amended Complaint: American Honda Motor Co., Inc., Honda of America Mfg., Inc. ("Honda Defendants"), Takata Corporation, TK Holdings, Inc. ("Takata Defendants"), and Duval Motors of Jacksonville, LLC. ("Duval Motors").

by Honda of the subject defect and the multiple and repeated and expanded recalls . . . ." id. ¶ 177, and that Duval Motors breached that duty by failing to properly repair, inspect, warn or replace the subject vehicle's driver-side airbag, proximately causing injury to Plaintiff. Id. ¶¶ 179, 181.

On July 8, 2015, the Honda Defendants removed the instant action to this Court, contending that complete diversity exists as to all properly joined parties. (Doc. 1; Notice of Removal at 3-4).[4] In doing so, Defendant established that the Plaintiff is a citizen of Florida, and that the Honda Defendants and the Takata Defendants are all corporate citizens of states other than Florida, and that the Takata Corporation is a foreign corporation, incorporated in Japan with its principal place of business in Japan. Id. at 4-5. Defendants contend that Duval Motors, "the only named Florida defendant . . . was fraudulently joined and should not be considered for purposes of establishing diversity jurisdiction." Id. at 5.

## II.     The Parties' Arguments

Plaintiff argues that this case should be remanded to the state court because the removal is untimely under 28 U.S.C. § 1446(b)(1), which requires that removal be noticed within 30 days after receipt by the defendant of a copy of initial pleading, and "Plaintiff's Amended Complaint did not contain a substantial amendment sufficient to invoke 28 U.S.C. § 1446(b)(3) and restart the time-period for Defendants to file a notice of removal." (Doc. 24; Motion to Remand at 6).  Alternatively, Plaintiff argues that the case is due to be remanded for lack of diversity jurisdiction because "Plaintiff has stated an arguable

---

[4]   The Takata Defendants consented to the removal.  (Doc. 1-19).

cause of action against Defendant Duval Motors for negligence by alleging that it, as an authorized Honda dealer, had notice of the repeated, expanded recalls regarding the defective Takata airbag components installed in Honda vehicles and, therefore, had a duty to inspect for, repair, or warn of the danger - a legal theory approved of by the Florida state court." Id. at 6.

Duval Motors responds that the Motion to Remand should be denied "because there is no possibility Plaintiff can state or establish a cause of action against Duval Motors." (Doc. 29; Duval Motors Response at 1). Duval Motors argues that none of the recalls that occurred prior to the incident giving rise to Plaintiff's action related to Plaintiff's vehicle, and that the recall "'which recalled Plaintiff's vehicle due to the subject defect'" occurred four days after the accident in question. Id. at 3 (quoting Amended Complaint ¶ 25). Duval Motors contends that, as such,

> Knowledge of recalls unrelated to the subject airbag at issue
> in this case is irrelevant and immaterial, and does not give rise
> to a duty on the part of Duval Motors to do anything . . . other
> than what is/was required under those recalls. In other words,
> mere knowledge of numerous recalls does not create any
> "duty" to do anything more than carry out the required recall
> work, if any.

Id.

The Honda Defendants, joined by the Takata Defendants, (see Docs. 31, 32), argue that "there is no possibility that Plaintiff can establish a cause of action against the resident defendant, Duval Motors . . . , and therefore a groundless claim against this non-diverse defendant does not defeat the diverse Defendants' federally-granted right of removal." (Doc. 30; Defendants Response at 1). Defendants characterize Plaintiff's negligence claim against Duval Motors as being based upon "Duval's . . . failure to

identify the applicability of the 2011 recall and the resulting failure to repair the vehicle under the recall when it was in for other service work." Id. at 2. Defendants contend that this negligence claim is "baseless because the 2011 recall did not apply to the Mincey vehicle or its airbag inflator. Therefore, the allegations as to Duval Motors are not supportable, and the dealership was fraudulently joined." Id. at 2-3.

As to the timing of the removal, Defendants argue that "Plaintiff's Original Complaint was vague and ambiguous as to the nature of the specific acts of negligence Duval Motors allegedly committed," and that "[t]he basis for Plaintiff's negligence claim against Duval was not revealed until the Amended Complaint was filed" on June 25, 2015. (Doc. 30; Defendants Response at 2). Defendants argue that "[n]either fraudulent joinder nor the case's removability was readily ascertainable until the filing of the Amended Complaint." Id. at 3; see also id. at 4.

## III.   Discussion

Pursuant to 28 U.S.C. § 1441, a civil action brought in state court may be removed to a federal district court only where the district court would have original jurisdiction over an action. See 28 U.S.C. § 1441(a). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). In order for a federal court to have diversity jurisdiction over an action pursuant to Section 1332(a), the parties must be citizens of different states and the amount in controversy must exceed $75,000.00 See 28 U.S.C. § 1332(a). Moreover, Section 1332(a) has been interpreted to require complete diversity

6

among the parties in that "all plaintiffs must be diverse from all defendants." Univ. of S.

Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999).

In addition, 28 U.S.C. § 1441(b), which governs the removal of a state action to

federal court by a defendant, provides:

> A civil action otherwise removable solely on the basis of the
> jurisdiction under section 1332(a) of this title may not be
> removed if any of the parties in interest properly joined and
> served as defendants is a citizen of the State in which such
> action is brought.

28 U.S.C. § 1441(b)(2). In accordance with this statute, a defendant may only remove a

case to federal court based upon diversity jurisdiction if no properly named defendant is

"a citizen of the state in which such action is brought." See Caterpillar v. Lewis, 519 U.S.

61, 68-69 (1996); see also Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th

Cir. 1998) (finding that "[d]iversity will not support removal jurisdiction . . . if any of the

properly joined defendants are citizens of the state in which the suit was originally filed.").

Thus, remand may be warranted when a case is removed on diversity of citizenship

grounds and there is a properly joined defendant who is a citizen of the state in which the

action was filed. See Moore v. N. Amer. Sports, Inc., 623 F.3d 1325, 1327 (11th Cir.

2010).[5]

The removing party bears the burden of demonstrating that federal jurisdiction

exists. Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001) (internal

---

[5]   In addition to these basic substantive requirements of original subject matter jurisdiction, removed cases are subject to a number of additional procedural requirements. See Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1319-21 (11th Cir. 2001); see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 756 (11th Cir. 2010) ("The substantive jurisdictional requirements, however, are not the only hurdles that a removing defendant must clear. There are also procedural requirements regarding the timeliness of removal.").

citation omitted); see also Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010). This burden requires the removing party to show both that the parties to the action are of diverse citizenship and that the amount in controversy exceeds $75,000. See Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). The district court must determine whether it had subject matter jurisdiction at the time of removal. See Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002). The Court must strictly construe removal statutes, and resolve uncertainties in favor of remand. See Univ. of S. Ala., 168 F.3d at 411.

An action may be removed if a nondiverse defendant or resident defendant is fraudulently joined. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir.1998). Fraudulent joinder can occur "when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." Id. (citations omitted). Under this type of fraudulent joinder, the joinder is not fraudulent "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against" a resident defendant. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotation marks and citation omitted); see also Florence v. Crescent Res., LLC, 484 F.3d 1293, 1299 (11th Cir.2007) (remand necessary "if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint" (citation omitted)).[6] "The burden of the removing party is a

---

[6] "To determine whether it is possible that a state court would find that the complaint states a cause of action, we must necessarily look to the pleading standards applicable in state court, not the plausibility pleading standards prevailing in federal court." Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1334 (11th Cir. 2011). "Under Florida's pleading standards, Plaintiffs merely [have] 'to state a case showing a legal liability.'" SFM Holdings, Ltd. v. Fisher, 465 F. App'x 820, 821 (11th Cir. 2012) (quoting Messana v. Maule Indus., 50 So.2d 874, 876 (Fla.1951)). "This could be achieved by alleging the
(continued...)

heavy one," Crowe, 113 F.3d at 1538 (internal quotation and citation omitted), and the removing party must prove the fraudulent joinder doctrine's applicability by clear and convincing evidence.  Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir.2011).

Additionally, the Court must evaluate the factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about state substantive law in favor of the plaintiff.  Crowe, 113 F.3d 1538.  The Court should "make [ ] these determinations based on the plaintiff's pleadings at the time of removal," and it "may consider affidavits and deposition transcripts submitted by the parties."  Id.[7]  "When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law."  Id.; see also Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 F. App'x 888, 890 (11th Cir. 2011).[8]  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."  Id. (internal quotation marks and citation

---

[6](...continued)
requisite elements of a cause of action and 'plead[ing] factual matter sufficient to apprise [Plaintiffs'] adversary of what [the adversary] is called upon to answer.'"  Id. (quoting Messana, 50 So.2d at 876); see also Almarante v. Art Inst. of Fort Lauderdale, Inc., 921 So. 2d 703, 705 (Fla. 4th DCA 2006) ("Motions under rule 1.140(b)(6) [Florida Rules of Civil Procedure] should be granted only when the party seeking dismissal has conclusively demonstrated that plaintiff could prove no set of facts whatsoever in support of the cause of action.").  However, "the decision as to the sufficiency of the pleadings is for the state courts . . . ."  Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1284 (11th Cir. 2006).

[7]  "While the proceeding appropriate for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under Fed. R. Civ. P. 56(b), the jurisdictional inquiry must not subsume substantive determination."  Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997) (internal quotation marks and citation omitted).

[8]  "Although an unpublished opinion is not binding . . ., it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam).  See generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

omitted).  If the Court determines that the plaintiff has named a non-diverse or resident

defendant solely to defeat federal diversity jurisdiction, the district court must ignore the

presence of the non-diverse or resident defendant and deny any motion to remand the

case to state court.  Stillwell, 663 F.3d at 1332; see also Florence, 484 F.3d at 1297.

Turning to Plaintiff's Amended Complaint, Plaintiff alleges in Count VII that

Defendant Duval Motors is liable to Plaintiff in negligence.  Plaintiff alleges that as an

authorized Honda dealer, Duval Motors received notice of all Honda recalls and service

bulletins.  Amended Complaint ¶ 169.  On September 17, 2009, Duval Motors "replaced

the driver's side airbag inflator in [Plaintiff's] vehicle because it had been recalled."  Id. ¶

170.  Duval Motors received a service bulletin on May 17, 2011, and an update on July

18, 2011, notifying it that it was required to inspect vehicles falling within a certain model

and VIN number range for a defective replacement airbag inflator that "can produce over-

pressurization of some replacement driver's (front) airbag inflators during airbag

deployment."  Id. ¶¶ 171, 172 (internal quotation marks omitted).  On July 29, 2011, Duval

Motors performed repairs on Plaintiff's vehicle "which fell within the range or models and

VIN numbers specified in the May 2011 bulletin and July 2011 notice," but "failed to

inspect" the driver's airbag inflator in Plaintiff's vehicle.  Id. ¶ 173.  On August 22, 2013,

Duval Motors performed repairs on Plaintiff's vehicle, "including replacing the passenger

airbag inflator," but failed to inspect the driver's airbag inflator.  Id. ¶ 174.  Plaintiff alleges

that Duval Motors had a duty to: "perform repairs on the subject vehicle, including repairs

on its airbag system, with reasonable care;" inspect the vehicle and "recognize that the

subject vehicle's airbag was defective and/or subject to recall;" and warn consumers,

including Plaintiff, "of the subject defect, which it knew or should have known of in the

10

exercise of ordinary care and by virtue of its position as an authorized Honda dealer who was notified by Honda of the subject defect and the multiple and repeated and expanded recalls . . . ." Id. ¶¶ 175, 176, 177. Plaintiff alleges that Duval Motors breached its duty to Plaintiff "to act with reasonable care in one or more of the following ways;"

      a.    By failing to properly repair the subject vehicle's airbag system by replacing the defective driver's airbag inflator;

      b.    By failing to properly inspect the subject vehicle in order to identify that it contained a defective driver's airbag inflator;

      c.    By failing to warn Plaintiff Mincey of the subject defect, which it knew of or should have known in the exercise of ordinary care and by virtue of its specific knowledge of the defect, and which rendered the subject vehicle unreasonably dangerous to use; or

      d.    By failing to properly replace the subject vehicle's driver's airbag inflator and/or to warn Plaintiff Mincey that the driver's airbag inflator was subject to recall or might suffer from the same defect as the driver's airbag inflators that had been subject to recall.

Id. ¶ 179. Plaintiff was injured as "a direct and proximate result" of Duval Motors' negligence. Id. ¶ 181.

While not specifically addressed by either party, it is undisputed that Plaintiff alleges that Duval Motors actually replaced the subject passenger side airbag inflator on September 17, 2009, Amended Complaint ¶ 170, and that Duval Motors had a duty to "perform repairs on the subject vehicle, including repairs on its airbag system, with reasonable care." Id. ¶ 175. Plaintiff further alleges that Duval Motors breached its duty to act with reasonable care by "failing to properly repair the subject vehicle's airbag system by replacing the defective driver's airbag inflator" and by "failing to properly

replace the subject vehicle's driver's airbag inflator . . . ."  Id. ¶ 179 ("Duval Motors

breached its duty to act with reasonable care in one or more of the following ways . . . "),

As a result, Plaintiff was injured when the driver's side airbag exploded during a minor

traffic accident on June 15, 2014.  Id. ¶¶ 19-24, 181.  Viewing the allegations in the light

most favorable to Plaintiff, the Amended Complaint states an "arguable" cause of action

under Florida law that Duval Motors is liable in negligence in connection with its

replacement of the driver's side airbag inflator.  See Butchkosky v. Enstrom Helicopter

Corp., 855 F. Supp. 1251, 1255 (S.D. Fla. 1993) ("[T]he repair of the critical part provides

an injured party with a cause of action against the party who performed the repair or who

designed the replacement part if that part is different in design from the original.  The

repairing party might be the manufacturer or a third party." (emphasis in original)).[9]

---

[9]  While not dispositive of the question, the Honda Defendants seek to apportion damages, if
any, pursuant to Fabre v. Marin, 623 So.2d 1182 (Fla. 1993), "in relation to the degree of fault" with "non-
party tortfeasors," including "any persons/entities who serviced the Subject Vehicle." (Doc. 10; American
Honda Motor Co.'s Affirmative Defense No. 3) (Doc. 11; Honda of America Mfg., Inc.'s Affirmative
Defense No. 3).  Additionally, the Honda Defendants assert as an affirmative defense that "Plaintiff's
alleged injuries and damages, if any, were caused, in whole or in part, by one or more intervening and/or
superseding causes" barring recovery or full recovery from Defendant. (Doc. 10; American Honda Motor
Co.'s Affirmative Defense No. 4) (Doc. 11; Honda of America Mfg., Inc.'s  Affirmative Defense No. 4).
Likewise, the Takata Defendants are even more explicit in their affirmative defenses to the Amended
Complaint, specifically identifying Duval Motors as a Fabre defendant, and asserting that Plaintiff's
accident and injuries were caused by negligent acts or omissions of others including Duval Motors (See
Doc. 12; Takata Corporation's Affirmative Defenses Nos.4, 5, 7, 8, 9, 11); (Doc. 13; TK Holdings, Inc.'s
Affirmative Defenses Nos. 4, 6, 7, 8, 10).

    "Fabre defendants are non-parties which are alleged by a party defendant to be wholly or partially
negligent and should be placed on the verdict form so there can be an apportionment of fault against
them for non-economic damages[.]" Vucinich v. Ross, 893 So.2d 690, 694 (Fla. 5th DCA 2005) (citation
and internal quotation marks omitted). See also Fabre, 623 So.2d at 1186 (holding that fault must be
apportioned among all parties that contributed to the alleged negligence, even if they are not named as
defendants).  A defendant's identification of a Fabre defendant weighs in favor of Plaintiff naming the
same as a defendant, even if doing so defeats diversity and results in remand. See Shulthiess v. LM
Gen. Ins. Co., No. 8:14-cv-2935-T-27AEP, 2015 WL 136092, at *1 (M.D. Fla. Jan. 9, 2015) ("[A]lthough
the addition of Swecker as a defendant would defeat federal jurisdiction, his liability is at issue in this
case, which Defendant has recognized in naming Swecker as a Fabre defendant."); Turner v.
Pennsylvania Lumbermen's Mut. Fire Ins. Co., No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *5
(M.D.Fla. Oct.22, 2007) (allowing plaintiff to join non-diverse defendant involved in automobile accident
(continued...)

Defendants focus on Plaintiff's theory of liability that Duval Motors, as an authorized Honda dealer, had a duty to inspect and repair the driver's side airbag inflator in Plaintiff's vehicle, in the face of repeated and expanding notices regarding the defective airbag inflators, despite the fact that the actual mandatory recall involving Plaintiff's vehicle was issued four days after the accident in question.  See Amended Complaint ¶ 25.  Defendants contend that Plaintiff's "entire case against Duval Motors" is based on the 2011 recall notices, which links to "each theory of the dealer's negligence." (Doc. 30; Defendants Response at 11) (emphasis omitted).  Defendants argue that this theory is "a baseless negligence claim predicated upon erroneous theories of liability," and that Duval Motors is fraudulently joined.  Id.  Defendants argue that the 2011 recall notices "neither encompassed the subject vehicle nor contemplated the replacement of previously replaced airbag inflators, such as [Plaintiff's]," id. at 11-12 (citing Doc. 1-20; Blank 1st Aff. ¶ 6; Doc. 30-1; Blank 2d Aff. ¶ 8), and that inflators subject to recall prior to September 2014 were a different design from the inflator found in Plaintiff's vehicle.  Id. at 12 (citing Doc. 30-1; Blank 2d Aff. ¶ 10; see also Blank 2d Aff. ¶ 7 ("After the [Plaintiff's] inflator was replaced in 2009, that vehicle was not included in any subsequent campaign or recall for the driver's front airbag until after the June 15, 2014 accident.").  Defendants argue that "Plaintiff's Amended Complaint presents no possibility for liability on the part of Duval Motors" because Florida law requires Duval Motors to warn only of "known dangers."  Id. at 12 and 14 (citing Byrnes v. Honda Motor Co., 887 F. Supp. 279, 280-81 (S.D. Fla. 1994)).

---

[9](...continued)
in uninsured motorist lawsuit, when insurance company defendant named the non-diverse defendant as a Fabre defendant).

13

While not passing on the merits of Plaintiff's theory that Duval Honda owed various legal duties to Plaintiff arising out of past recall notices, and recognizing that the Court's jurisdictional inquiry must not subsume a substantive determination, Crowe, 113 F.3d at 1538, the Court concludes that Plaintiff asserts an "arguable" claim of legal liability against Duval Motors, and that there is a "possibility that a state court would find that the [Amended Complaint] states a cause of action" against Duval Motors based on a duty arising in the face of repeated recalls relating to airbag inflators. Taylor Newman Cabinetry, Inc., 436 F. App'x at 890. Indeed, state court Judge Daniel, while not definitively ruling, indicated that Plaintiff's legal theory that "[D]uval Honda knew or should have known about all these recalls and failed to advise" Plaintiff about them "and/or take corrective steps . . . in repairing . . . by replacing the driver's side air bag . . . ," Transcript at 11, may be viable. This is enough to establish at least a possibility that the state court would find that the Amended Complaint states an arguable cause of action based upon Plaintiff's duty theory, precluding a finding that Duval Motors was fraudulently joined. Defendants have not established by clear and convincing evidence that Duval Motors was fraudulently joined.[10]

---

[10] Removing Defendants, who bear the burden of establishing the Court's diversity jurisdiction, see Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001), have failed to adequately allege or establish the citizenship of Duval Motors, a limited liability company. (See Doc. 1; Notice of Removal ¶ 10); (Doc. 2; Amended Complaint at 1 (Duval Motors is "a Florida limited liability company")). "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Therefore, to sufficiently allege the citizenship of a limited liability company, a plaintiff must allege the citizenship of each of the limited liability company's members. See e.g. Mallory & Evans Contractors & Eng'r, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011); Rolling Greens, 374 F.3d at 1021-22; see also Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1092 (11th Cir. 2010) (remanding case to the district court to determine if it indeed had subject matter jurisdiction where party invoking the court's diversity jurisdiction did not disclose the identity and citizenship of each member of an unincorporated entity); see generally D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124 (1st Cir. 2011) (requiring the plaintiff limited liability company to identify its members and their

(continued...)

14

**IV**   **Plaintiff's Request for Attorney's Fees**[11]

Plaintiff's Motion to Remand requests that the Court award attorney's fees and

costs to Plaintiff associated with seeking remand of this action to state court.   (Doc. 24;

---

[10](...continued)
respective citizenship). Though the Court has determined that Duval Motors was not fraudulently joined, the case is nevertheless still due to be remanded because Defendants have failed to establish the citizenship of Duval Motors such that the Court can ascertain whether it indeed has diversity jurisdiction over this action.

[11]   Though the Court has determined that it does not have subject matter jurisdiction over this action, it nonetheless briefly turns to whether Defendants' removal of this case was timely.  See Taylor Newman Cabinetry, Inc., 436 F. App'x at 893-94 (holding that the untimeliness of Defendants' Notice of Removal makes the removal even more unreasonable and therefore further supports the Court's determination that an award of attorneys' fees was appropriate in this case).  The timeliness of removal is governed by 28 U.S.C. § 1446(b), which contains two paragraphs that authorize two different types of removal: "The first paragraph deals with civil actions that are removable at the time of commencement. . . . The second paragraph . . . deals with civil actions that were not removable, or could not have been determined to be removable, until 'an amended pleading, motion, order or other paper' establishes their removability."  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 757 (11th Cir. 2010) (citing 28 U.S.C. §§ 1446(b)(1) and (3)).  "In the fraudulent joinder context, section 1446(b)(3) means that a defendant has thirty days to remove an action after learning that a non-diverse defendant has been fraudulently joined." Bouvette v. Am. Water Works Serv. Co., No. 2:13-cv-14908, 2013 WL 4805750, at *2 (S.D. W. Va. Sept. 9, 2013) (internal quotation marks and citation omitted); see also Boss v. Nissan N. Am., Inc., 228 F. App'x 331, 333-34 (4th Cir. 2007) (unpublished opinion) (holding that in a products liability proceeding brought by passenger of vehicle who was severely injured when the vehicle overturned, in which the 30-day period for vehicle manufacturer to file notice of removal began to run when manufacturer learned that plaintiff did not have grounds for his claims against nondiverse defendants, as revealed by documents produced during discovery which did not support the factual allegations made in the complaint as to the nondiverse defendants).  Timeliness under Section 1446(b) is a procedural requirement and, while the Court may not sua sponte remand a case for a procedural defect, once a motion to remand has been filed, the Court may consider procedural defects in the removal. Velchez v. Carnival Corp., 331 F.3d 1207, 1209-10 (11th Cir. 2003) (holding that district court should wait for plaintiff's motion to remand); see also Eparvier v. Fortis Ins. Co., 312 F. App'x 185, 188-89 (11th Cir. 2008) (deciding that district court should wait for plaintiff's motion before remanding).

Accepting the Defendants' assertion that the 30-day period under § 1446(b)(1) begins to run "'only when that [initial] pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction,'" (Doc. 30; Defendants Response at 5 (citations omitted)), the Defendants' removal of this action on July 8, 2015, is untimely.  The state court docket reflects that the Defendants were served with the initial complaint and had filed responses thereto by early March 2015. (Doc. 1-1).  Nothing changed between the Plaintiff's initial Complaint and their Amended Complaint as to Duval Motors other than a more detailed recitation of Plaintiff's theory of duty imposed on Duval Motors as relating to recalls of airbags.  The Amended Complaint is based primarily on the same factual allegations as the initial Complaint.  Indeed, if a more specifically pleaded Amended Complaint evidenced fraudulent joinder, the more "ambiguous" initial Complaint did so also.  It was not objectively reasonable for Defendants to remove this case on July 8, 2015, well beyond the 30-day period for doing so.  See Taylor Newman Cabinetry, Inc., 436 FR. App'x at 893 (attorney's fees are to plaintiff where defendants lacked an objectively reasonable basis for removal due to untimeliness).

  
Motion to Remand at 7). "An order remanding the case may require payment of just

costs and any actual expenses, including attorney fees, incurred as a result of the

removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award

attorney's fees under § 1447(c) only where the removing party lacked an objectively

reasonable basis for seeking removal. Conversely, when an objectively reasonable basis

exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141

(2005). Defendants have failed to establish that they had an objectively reasonable basis

for removing this case. Therefore, the Court concludes that Plaintiff is entitled to an

award of attorney's fees and costs associated with the improper removal. See Lost

Mountain Homeowners Ass'n, Inc. v. Rice, 248 F. App'x 114, 115 (11th Cir. 2007) (citing

Martin, 546 U.S. at 132). Nonetheless, there is insufficient information before the Court

to determine the appropriate amount of attorney's fees and costs to be awarded.

Therefore, the Court will remand this case but retain jurisdiction[12] to determine the

amount of fees and costs to be awarded under 28 U.S.C. §1447(c). Plaintiff's request will

be taken under advisement pending the submission of a detailed affidavit by Plaintiff in

support of its request. See Norman v. Housing Auth. of Montgomery, 836 F.2d 1292,

1303 (11th Cir. 1988). Defendants will be permitted to file a response.

    Upon due consideration, it is hereby

**ORDERED**:

1.    Plaintiff's Motion to Remand (Doc. 24) is **GRANTED**.

---

[12] The Court has jurisdiction to resolve a request for fees and costs under § 1447(c) even after it has remanded the case to state court. See Seraphin v. Parapella, 489 F. Supp. 2d 1354, 1358 (S.D. Fla. 2007); Gonzalez v. J.C. Penney Corp., No. 05-22254-CIV, 2006 WL 4390889, at *2-3 (S.D. Fla. Apr. 10, 2006), aff'd, 209 F. App'x 867, 868, 870 (11th Cir. 2006).

2.     Plaintiff's Motion for Protective Order From Transfer to MDL Pending Ruling on Plaintiffs' [sic] Motion to Remand (Doc. 14), and Defendant Honda Motor Co., Inc.'s Motion to Stay Pending Transfer to Multidistrict Proceeding and Supporting Memorandum of Law Doc. (Doc. 20), are both **DENIED AS MOOT**.

3.     The Clerk of the Court is **directed** to remand this case to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, and to transmit a certified copy of this Order to the clerk of that court.  The remaining pending motions (Docs. 3, 7, 8, 9) shall be carried with the case.

4.     The Court retains jurisdiction for the limited purpose of determining the amount of attorney's fees and costs to be awarded to Plaintiff pursuant to 28 U.S.C. § 1447(c), and that portion of the Motion is taken under advisement for that purpose.

5.     The parties shall meet and confer regarding an appropriate sum representing the fees and costs incurred as a result of the wrongful removal.  If the parties are unable to agree, Plaintiff shall have up to and including **September 8, 2015**, to file a detailed affidavit in support of her request for fees and costs.  Defendants shall respond to the affidavit no later than **September 25, 2015**.

6.     The Clerk of the Court is **directed** to close this file.

7.     As requested by the United States Judicial Panel on Multidistrict Litigation, in connection with the matter In re: Takata Airbag Products Liability Litigation, MDL No.

2599, the undersigned will notify the Panel staff via electronic mail, of the Court's disposition of Plaintiff's Motion to Remand.

**DONE AND ORDERED** in Jacksonville, Florida, this 25ᵗʰ day of August, 2015.

_____
BRIAN J. DAVIS
United States District Judge

jl

Copies furnished to:

Counsel of Record